IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COLLEEN MULCAHY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COOK COUNTY, COOK COUNTY )<br>SHERIFF'S DEPARTMENT, COOK )<br>COUNTY DEPARTMENT OF )<br>CORRECTIONS, )<br>)<br>Defendants. ) | Case No. 17 C 8235<br><br>Magistrate Judge M. David Weisman |

## MEMORANDUM OPINION AND ORDER

On November 11, 2020, the Court issued a Memorandum Opinion and Order granting defendants' summary judgment motion on all issues except for plaintiff's FMLA and retaliation claims. (ECF 102.) Defendants have filed a motion to reconsider, arguing that the Court misapprehended the law and/or failed to consider evidence relating to these claims. For the reasons set forth below, the Court grants in part and denies in part the motion [110].

### Legal Standard

A party may seek to reconsider the partial denial of summary judgment under Federal Rule of Civil Procedure 54(b). *See id.* ("[A]ny order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."); *see also Galvan v. Norberg*, 678 F.3d 581, 587 (7th Cir. 2012) (same). Thus, plaintiff's argument as to timeliness of defendant's motion is without merit. (ECF 118, p. 3.)

A motion to reconsider an interlocutory order under Rule 54(b):

> [M]ay be granted where the Court has obviously misunderstood a party, where the Court's decision rests on grounds outside the adversarial issues presented to the Court by the parties, where the Court has made an error not of reasoning but of apprehension, where there has been a controlling or significant change in the law since the submission of the issue to the Court, or where there has been a controlling or significant change in the facts of the case.

*Caine v. Burge*, 897 F. Supp. 2d 714, 716 (N.D. Ill. 2012). Motions for reconsideration are not an opportunity for the movant "to take a second bite at the apple or raise new arguments that it did

not make in the first instance." *Goldman v. Gagnard*, No. 11 C 8843, 2012 WL 2397053, at *3 (N.D. Ill. June 21, 2012) (quotation omitted). That is, "[i]t is well-settled that a motion to reconsider is not a proper vehicle to advance arguments or legal theories that could and should have been made before the Court entered its order or to present evidence that was available earlier." *Caine*, 897 F. Supp. 2d at 717.

## Discussion

Defendants argue that the Court erred in finding plaintiff's Count II claims, based on her unpaid suspension days between December 2014 and May 2015, were timely. In the summary judgment order, the Court agreed with plaintiff that the three unpaid days affected her compensation and pension contributions "with every paycheck and pay period," and thus the Lily Ledbetter Fair Pay Act of 2009 rendered her claims timely. (*See* ECF 102 at 11-12); *see also* 42 U.S.C. § 2000e-5(e)(3)(A) ("[A]n unlawful employment practice occurs, with respect to discrimination in compensation in violation of this subchapter, when a discriminatory compensation decision or other practice is adopted, when an individual becomes subject to a discriminatory compensation decision or other practice, or when an individual is affected by application of a discriminatory compensation decision or other practice, including each time wages, benefits, or other compensation is paid, resulting in whole or in part from such a decision or other practice."). Defendants contend that the Court misapprehended the law, which deems the unpaid suspension days to be discrete acts of discrimination and not discriminatory compensation decisions within the meaning of the Equal Pay Act. Because those discrete acts occurred more than 300 days before plaintiff filed her EEOC charge on December 2, 2016, defendants say this claim is untimely.

Upon reconsideration, the Court agrees that plaintiff's unpaid suspension days were discrete acts of alleged discrimination and the subsequent monetary losses were not the result of discriminatory compensation decisions. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002) ("Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire" are separate incidents of discrimination, and a party can only "file a charge to cover discrete acts that 'occurred' within the appropriate time period."); *Delaware State Coll. v. Ricks*, 449 U.S. 250, 258 (1980) ("'The proper focus is upon the time of the *discriminatory acts*, not upon the time at which the *consequences* of the acts became most painful.'" (quoting *Abramson v. Univ. of Hawaii*, 594 F.3d 202, 209 (9th Cir. 1979)) (emphasis in original); *Lohrasbi v. Bd. of Tr. of the Univ. of Ill.*, 147 F. Supp. 3d 746, 755 (N.D. Ill. Nov. 29, 2015) (plaintiff's denial of professor emeritus status, while related to benefits and compensation, was a discrete act that did not restart the 300-day time limit each day plaintiff was deprived of that status); *Vogeler v. Conserv, FS*, No. 10 C 50258, 2012 WL 357913, at *2 (N.D. Ill. Feb. 1, 2012) ("The Ledbetter Act is directed at situations . . . where unequal pay for equal work is at issue.") (citing *Almond v. Unified Sch. Dist. #501*, 665 F.3d 1174, 1180-81 (10th Cir. 2011) (analyzing the legislative history and concluding "discrimination in compensation" means only "unequal pay for equal work"))).

Plaintiff's arguments are unavailing. First, plaintiff asserts that defendant did not raise the legal argument that the Fair Pay Act only applies to unequal pay for equal work. (ECF 118 at 6.) Yet, defendant *did* argue that plaintiff could not pursue claims for unpaid suspensions day because plaintiff had failed to timely file a claim before the EEOC related to this conduct. (ECF 78 at 2-

3) (arguing that plaintiff had failed to exhaust administrative remedies and thus is barred from pursuing claims based on "discrete discriminatory act[s]" that occurred more than 300 days prior to the EEOC charge). The Court relied on the Fair Pay Act in reaching its (erroneous) decision. Thus, defendant had no reason to address the applicability of the Fair Pay Act, and more generally, has not waived the timeliness argument. Second, plaintiff argues that the Fair Pay Act could apply to an employer's compensation decision as it might impact an employee's pension rights. (ECF 118 at 6) (citing *Tomlinson v. El Paso Corp.*, No. 04-cv-02686-WDM-MEH, 2009 WL 2766718 (D. Colo. 2009)). While the Ledbetter Act could be used in such a context, plaintiff cites to no case that holds an allegedly illegal suspension from years past is constantly renewed under the Fair Pay Act because each and every paycheck that follows would be impacted by the allegedly illegal suspension. Accordingly, the Court grants defendants' motion for reconsideration as to Count II.

As to the retaliation claim in Count III, the Court held that there was sufficient circumstantial evidence—plaintiff's assignment of overtime ("OT") before she requested an accommodation, suspicious timing between plaintiff's request for an accommodation and the denial of overtime ("OT"), and the reinstatement of her OT only after Employee Services spoke to plaintiff's supervisors about it—to suggest there was a causal relationship between the two. (ECF 102 at 22-23); *see Rowlands v. United Parcel Serv. - Fort Wayne*, 901 F.3d 792, 801 (7th Cir. 2018) ("[T]he legal standard under which we must analyze [plaintiff's] claim is simply whether the evidence would permit a reasonable factfinder to conclude that [her] request[] for accommodation[] caused the [denial of OT].") (quotation omitted). Defendants contend that in making that finding, the Court disregarded: (1) the undisputed fact that it was the shift commanders, not plaintiff's direct supervisors, who determined whether plaintiff was offered OT (*see* ECF 80 ¶ 20 (plaintiff admitting that fact); (2) plaintiff's failure to identify the shift commander(s) who denied her OT; and (3) plaintiff's failure to offer evidence that the relevant shift commander(s) knew she had sought an accommodation before they refused to give her OT. (*See generally* ECF 80 (Pl.'s LR 56.1(b)(3) Stmt. Additional Facts).)

The Court disagrees. As the Court noted in the summary judgment order, suspicious timing alone is generally not sufficient to create an inference of retaliation. (ECF 102 at 22-23.) Here, however, in addition to suspicious timing, there is evidence that defendants assigned plaintiff OT before she requested an accommodation and did not do so after her request until Employee Services spoke to her supervisors. That evidence supports the inference that the shift commanders knew, via plaintiff's supervisors, about plaintiff's accommodation request, and the inference that the accommodation request animated the decision maker(s) to deny plaintiff overtime opportunities.

Alternatively, defendants argue that they presented undisputed facts sufficient to show that the denial of overtime was due to nondiscriminatory reasons, including that: (1) plaintiff's restrictions limited her to performing only forty-five positions; (2) plaintiff was barred from working OT from June 19, 2016 to September 17, 2016 because of unauthorized absences; (3) the selection of an employee to work OT was influenced by a number of factors, like seniority; and (4) plaintiff only signed up for OT four times during the eleven-month period when she says she was denied OT. However, defendants did not include the first fact in their summary judgment argument, and thus cannot raise it now. Further, the second and fourth facts are disputed. (*See* ECF 80, Pl.'s Resp. Defs.' Stmt. Undisputed Facts ¶¶ 68-69.) That leaves only the third fact,

which alone, is insufficient to establish that defendants' OT decisions were lawfully motivated and not discriminatory.

## Conclusion

For the reasons set forth above, the Court grants in part and denies in part defendants' motion for reconsideration [110]. The motion is granted with respect to Count II, and the Court enters judgment in defendants' favor on that count. The motion is denied with respect to Count III, which remains pending.

**SO ORDERED.**                                    **ENTERED:  October 5, 2021**

**M. David Weisman**
**United States Magistrate Judge**